HON. J. G. TALIAFERRO,
\*HON. R. K. HOWELL,
HON. W. G. WYLY,·
HON. W. W. HOWE,
⎱ *Associate Justices.*

———·●·———

No. 739.—ALEXANDER MONCHEUX *v.* J. J. MISTROT & CO.

The judge of the court *a qua* may, in the exercise of a sound discretion, refuse a continuance, on the application of one of the litigants, to obtain answers to interrogatories, where the interrogatories themselves are manifestly frivolous, and intended for delay only.

An agent can not relieve himself from responsibility for moneys which he has collected for his principal by showing that he has invested them in the purchase of cotton for his own account, with the sanction of his principal. He must show, in addition, that he has turned over the cotton to the principal, or that the principal has authorized him to retain it.

APPEAL from the Third Judicial District, parish of Iberia. *Train,* J. *DeBlanc & Perry,* for plaintiff and appellee. *Edward Simon,* for defendants and appellants.

TALIAFERRO, J. The plaintiff brought this suit aginst the firm of J. J. Mistrot & Co., to recover from them $1097 50, which he avers defendants, as his agents, collected for him, and failed to account for.

On trial of the case below, the plaintiff had judgment for $647, with

* Mr. Chief Justice Ludeling and Mr. Justice Howell were not present at this session of the court.

five per cent. interest from the first of July, 1867, the date of judicial demand, and the defendants appeal.

We find a bill of exceptions in the record, which will first be noticed. The defendants filed interrogatories to be propounded to a witness residing in Texas, and moved the court to continue the case to take the answers of the witness. The plaintiff's counsel objected, on the ground that the interrogatories were trivial, and the second one obscure, and not explanatory of the evidence which it was pretended was sought after. There were two interrogatories. The first purports only to learn from the witness who composed the commercial firm of J. J. Mistrot & Co. The interrogatories, it seems, were propounded by J. J. Mistrot himself, as it appears, one of the firm.

The court, in our opinion, in the exercise of a sound discretion, very properly refused to continue the case as required by defendants, their object being plainly for delay only.

The facts, briefly, are, that the plaintiff, in the year 1860, being about to leave the State, for France, appointed the commercial firm of J. J. Mistrot & Co. his agents to collect certain moneys for him during his absence. On his return, it is in evidence, that the acting prominent partner of the firm informed the plaintiff that he had invested the money that he had collected for him in cotton, and that the plaintiff approved the proceeding.

It is a principal ground of defense that this was a ratification of the agents' act. But he produced or showed to the plaintiff no cotton that he had purchased for him. Mistrot, it appears, was engaged, with several others, in cotton speculation, but these operations were all conducted in his own name. A portion of the cotton he purchased he had, it seems, to sue for, and the suit was brought in his own name.

The plaintiff, upon requiring a settlement, was informed that he was in debt $54, in consequence of losses and expenses which resulted from the speculation.

It is clear, to our minds, that the plaintiff, when he answered, " very well," to the information given him that his money had been invested in cotton, expected to receive cotton. There is no evidence that he sanctioned the speculation, or was in any manner a party to it.

It appears from the record, and from the statement of Mistrot himself, that he received, on account of the plaintiff, from several persons, different sums, amounting in all to $1097. At different times he paid over sums, making in the aggregate $450. This amount was deducted by the court below from the sum collected, and it gave judgment in favor of the plaintiff for the remainder, $647, with legal interest from judicial demand.

The judgment, we think, was properly rendered.

It is therefore ordered, adjudged and decreed that the judgment of the district court be affirmed, with costs in both courts.

Rehearing refused.